UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT ALAN WOLF,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C09-5448BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER

This matter comes before the Court on Defendants' unopposed motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. 23) and its motion for an extension of time to answer (Dkt. 25). The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On July 30, 2009, Plaintiff filed his complaint against Defendants. Dkt. 6. On December 24, 2009, Defendants moved the Court to dismiss certain of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim). Plaintiff did not respond to Defendants' motion.

Additionally, on December 29, 2009, Defendants moved the Court for an extension of time to file their answer. Dkt. 25. This motion for extension is unopposed and supported by the declaration of Scott E. Michael. Dkt. 26 (Michael Decl.).

## II. FACTUAL BACKGROUND

### A. Motion to Dismiss

Plaintiff appears in this litigation pro se. See Dkt. 6 (the Complaint). Plaintiff filed a 42 U.S.C. § 1983 civil rights action against Defendants regarding alleged actions of the treating staff and his social worker at Western State Hospital[1] ("WSH"). Plaintiff alleges that during his involuntary commitment at WSH, the treatment staff acted in such a manner that violated his Fifth and Fourteenth Amendment rights to due process. Dkt. 6 (the "Complaint"). He also alleges that his social worker ignored his requests for assistance.

### B. Motion for Extension to File Answer

Defendants' motion to extend is supported by declaration. *See* Dkt. 25 (referring to Michael Decl.). Defendants urge the Court to grant this motion because of extenuating circumstances which have, to date, prevented Defendants' counsel from interviewing one of the Defendants in order to file an informed answer. Michael Decl. ¶¶ 1-6.

## III. DISCUSSION

### A. Standard

Federal Rule of Civil Procedure 12(b)(6) permits challenge of a complaint for "failure to state a claim upon which relief can be granted." A court's inquiry "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The defendant bears the burden of proving plaintiff has failed to state a claim. *See, e.g., Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bangura v. Hansen*,

---

[1] WSH is a state institution for the treatment of the mentally ill.

434 F.3d 487, 498 (6th Cir. 2006); James Wm. Moore, 2 *Moore's Federal Practice* § 12.34[1][a] at 12-73 (2008 ed.).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999); *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint or any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds*, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

When a plaintiff is pro se and alleges civil rights violations, the court must construe the allegations liberally and grant plaintiff leave to amend "unless it clearly appears that the deficiency cannot be overcome by amendment." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (internal citation omitted). *See also Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) ("The allegations of a *pro se* complaint, however inartfully pleaded, should be held to less stringent standards than formal pleadings drafted by lawyers") (internal citation omitted).

**B.     Motion to Dismiss**

"If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Plaintiff has not responded to Defendants' motion to dismiss. The Court is inclined to find that Defendants' motion has merit. Because Plaintiff is proceeding pro se, the claims are dismissed pursuant to Rule 12(b)(6) without prejudice, leaving Plaintiff with an opportunity to amend his complaint.

Defendants accurately summarize Plaintiff's complaint as alleging the following violations of his civil rights:

> (1) Treating staff did "order and direct an involuntary treatment of Ativan."

ORDER - 3

(2) Plaintiff was denied ground privileges, authorized leaves, special privileges to go off grounds, and "the right to participate in treatment at the treatment mall."
(3) Plaintiff's decision to remain silent was used against him as evidence of "mental deterioration."
(4) Plaintiff's social worker ignored and neglected requests to assist plaintiff in reconciling an error made by plaintiff's bank.

*See* Dkt. 23 at 2 (citing the Complaint).

Defendants moves the Court to grant the following relief:

That all of plaintiff s claims be dismissed for failure to state a claim upon which relief can be granted pursuant to CR 12(b)( 6), *except for* plaintiff's claim alleging an involuntary administration of Ativan which allegedly occurred on or about the beginning of September 2007.
That plaintiff should be granted leave to amend his complaint unless this Court determines that the complaint could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (2000).
Discovery should be limited to only plaintiff's claim alleging an involuntary administration of Ativan which allegedly occurred on or about the beginning of September 2007.

Dkt. 23 at 10 (emphasis added).

### 1. Involuntary Treatment with Ativan

This issue is not the subject of Defendant's motion and remains an issue in this litigation.

### 2. Denial of Grounds Privileges, Authorized Leaves, Treatment Malls

Plaintiff complains that he was denied grounds privileges, authorized leaves, and the ability to go to the "treatment malls." Complaint at 5. Plaintiff appears to be arguing that the treatment staff violated his constitutional liberty interest in remaining free from unreasonable restraint when he was denied these privileges. *See id*; *see also* Dkt. 6-2 (Civil Cover Sheet citing Fifth and Fourteenth Amendment violations, claiming unlawful imprisonment).

For Plaintiff to be successful on this issue, he must allege facts that, if true, would establish that the treatment staff failed to exercise professional judgment when it allegedly restricted his various privileges. *See Youngberg v. Romeo* (applying rule to state

ORDER - 4

institution for mentally retarded); *see also* U.S.C.A. Const. Amend. 14. Plaintiff did not make any such allegation in his complaint, which is fatal to this claim.

Although Plaintiff is proceeding pro se, the Court has no authority to supply for Plaintiff facts that would satisfy this element for purposes of escaping dismissal under Rule 12(b)(6). *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). The *Pena* court noted that "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id*. (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Accordingly, the Court will not supply facts regarding the treatment staff's exercise or failure to exercise professional judgment in Plaintiff's case.

Therefore, the Court dismisses Plaintiff's claim on this issue without prejudice because he has not stated a claim upon which relief can be granted.[2] *See* Fed. R. Civ. P. 12(b)(6).

### 3. Fifth Amendment Right to Remain Silent

In his complaint, Plaintiff appears to allege that his right against self incrimination was violated when his silence "was being used as evidence of mental deteriation [sic] at the time of treatment" and because he "was forced to renounce" this right until he was discharged from WSH. Complaint at 5.

By its own terms, the Fifth Amendment right against self-incrimination is only applicable to criminal cases. *See* U.S.C.A. Const. Amend. 5 (No person "shall be compelled in any *criminal* case to be a witness against himself.") (emphasis added).

---

[2]Defendants seek to dismiss Plaintiff's claim regarding his liberty interest in being free from unreasonable restraint on two bases. One regards the failure to show that the treatment staff exercised professional judgment, discussed above. The second regards whether the restraints imposed on Plaintiff were atypical and a significant hardship. Dkt. 23 at 3-6. To establish this second basis, Defendants urge the court to extend existing law on rules regarding prison inmates to situations such as these, regarding patients involuntarily committed to state hospitals. The Court need not reach this issue given Defendants' other sufficient basis on which to dismiss the claim under Rule 12(b)(6), discussed above.

However, case law "establishes that the privilege applies to any type of proceeding be it criminal, civil, administrative, judicial, investigative, or adjudicatory where a witness may reasonably apprehend that his statements *could be used in a criminal proceeding* or could lead to other evidence which might be so used." *French v. Blackburn*, 428 F. Supp. 1351 (D.C.N.C. 1977), *summarily aff'd,* 443 U.S. 901 (1979) (citing *In re Gault*, 387 U.S. 1 (1967)) (emphasis added).

Any silence of Plaintiff here does not appear to give rise to the exception to the general rule limiting the right against self-incrimination to criminal cases. Therefore, the Court dismisses Plaintiff's claim without prejudice because he has not stated a claim for which relief can be granted on this issue. *See* Fed. R. Civ. P. 12(b)(6).

### 4. State's Duty to Prevent Harm By Non-State Actors

The Due Process Clause and the "under color of state law" element found within 42 U.S.C. § 1983 do not permit causes of action based merely on private conduct, "no matter how discriminatory or wrongful." *Am. Mfr. Mut. Ins. Co. Sullivan*, 526 U.S. 40, 49-50 (1999) (quoting *Shelley v. Kraemer*, 334 U.S. 1 (1948)). To succeed in his apparent claim that Defendants deprived him of property, Plaintiff must establish that more than mere private conduct caused the alleged deprivation. *See id*.

Plaintiff alleges that while he was hospitalized his "bank account was robbed and [his] attempts to reconcile [his] bank account with U.S. Bank in a timely manner was sabotaged by the treatment team . . ., and any and all attempts to request [that his] social worker . . . assist [him] . . . was intentionally ignored and neglected . . . ." Complaint at 5. Defendants argue, and the Court agrees, that Plaintiff's allegation "only shows that a private party – not the State – deprived [P]laintiff of money in his bank account."

Because Plaintiff fails to establish that the treatment team or the social worker owed Plaintiff a duty to assist with his private party banking dispute, the claim is dismissed without prejudice. *See* Fed. R. Civ. P. 12(b)(6).

**C.     Defendant's Motion for Extension**

Plaintiff has not opposed Defendants' motion to extend. Defendants, through the Michael Declaration, assert the following reasons for the extension:

> 2. On November 9, 2009, Western State Hospital received by mail from the U.S. Marshals Office a copy of plaintiff's summons and complaint.
> 3. The summons and complaint named one of the defendants as "Nurse Cindy." There was no information as to Nurse Cindy's last name or a physical description of Nurse Cindy. Western State Hospital was required to conduct an investigation to determine precisely who plaintiff intended to sue.
> 4. The substance of plaintiff's complaint mentioned events that allegedly occurred "on or about the beginning of September 2007, on ward S-3. . . ." Based on this information, were able to determine that Cynthia Baker is the only nurse named "Cindy" who worked on that ward at that time. This determination was not made until November 17, 2009.
> 5. On Monday, December 7, 2009, I had a telephone conversation with Cynthia Baker. She has recently received a serious medical diagnosis, the details of which can be disclosed if the Court so requests. Ms. Baker informed me she was scheduled to undergo a major medical operation during the week of December 14, 2009, which would leave her incapacitated and unable to discuss this case for about two months. I have no reason to believe this operation did not occur.

Michael Decl. In short, Defendants request time for Ms. Baker's recovery so they may file an informed answer to Plaintiff's complaint. The Court concludes that Defendants have shown good cause for the extension (Michael Decl.), and extends the deadline for Defendants to file their answer until March 22, 2010.

**D.     Conclusion**

Pursuant to Rule 12(b)(6), Plaintiff's claims are dismissed without prejudice, except that his claim for involuntary administration of Ativan remains. Plaintiff is permitted to amend his complaint to cure the currently deficient pleading, which must be filed on or before March 1, 2010. Unless Plaintiff cures the pleading deficiencies discussed herein, discovery will be limited to Plaintiff's claim regarding the involuntary administration of Ativan.

Additionally, the deadline for Defendants' to file their answer is extended as discussed above.

ORDER - 7

# IV. ORDER

Therefore, it is hereby

**ORDERED** that, as discussed herein, Defendants' motion to dismiss for failure to state a claim (Dkt. 23) is **GRANTED,** and Defendants' motion for extension to file answer (Dkt. 25) is **GRANTED**.

DATED this 22nd day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge