UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALAN WOLF,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>        Defendants. | CASE NO. C09-5448BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY |

This matter comes before the Court on Plaintiff's motion to stay (Dkt. 40). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion to stay for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 30, 2009, Plaintiff filed his complaint against Defendants. Dkt. 6. On December 24, 2009, Defendants moved the Court to dismiss certain of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim). Dkt. 23. On February 22, 2010, the Court granted Defendants' motion to dismiss, except as to one claim. Dkt. 32.

On March 23, 2010, Plaintiff filed the instant motion to stay. Dkt. 40. On March 5, 2010, Defendants filed their response in opposition to the motion. Dkt. 41. Plaintiff did not reply.

ORDER - 1

1    Plaintiff is currently a patient at Western State Hospital ("WSH"). Declaration of
2 Sammy Martinez III (Martinez Decl.) ¶ 2. Plaintiff argues that the Court should stay the
3 instant matter because "Western State refuses to furnish [him] with both time and
4 necessary access to legal materials (e.g., access to a law library and a minimum of eight
5 hours daily of time"). Dkt. 40. Plaintiff urges the Court to stay the matter until he
6 "acquire[s] relief from the stated restraints of freedom and liberty." *Id*.

## II. DISCUSSION

Pursuant to the Fourteenth Amendment due process clause, inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). That access must be "adequate, effective, and meaningful." *Id.* at 822. In *Bounds*, the Supreme Court held that the "fundamental constitutional right of access to the courts requires [assistance] in the preparation and filing of meaningful legal papers by providing . . . adequate law libraries *or* adequate assistance from persons trained in the law." *Id.* at 817 (emphasis added); *see also*, *Lindguist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir. 1985) (expressly adopting *Bounds* recognition of alternative means to meet due process requirement of access to the courts). *Bounds* holds that providing access to libraries or adequate legal assistance are merely examples of constitutionally acceptable methods "to assure meaningful access to the courts." 430 U.S. at 830 (decision did not foreclose alternative means to achieve that goal).

Plaintiff argues that the Court should order this matter stayed because his access to a law library at WSH is inadequate. *See* Dkt. 40. However, as discussed above, WSH is not required to provide adequate access to a law library, specifically; rather, WSH is required to provide access to the courts that is "adequate, effective, and meaningful." *Bounds*, 430 U.S. at 822. WSH provides such access to the Courts through its contract with Northwest Justice Project ("NJP"). *See* Declaration of Beckie Bobbitt, Attachment B (client service contract). When a patient at WSH seeks out legal services at the hospital, the librarian provides the patient with a flier with contact information for NJP.

ORDER - 2

Declaration of Kathleen Benoun ¶ 7, Attachment B (copy of flier). The services offered through NJP serve as acceptable means of affording patients at WSH with "adequate, effective, and meaningful" access to the courts. *See Bounds*, 430 U.S. at 817.

More importantly, to prevail on the instant motion, Plaintiff needed to establish a violation of his right to access the courts. To show a violation of this right to access the courts, Plaintiff must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F .2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violation can be found where the actual injury arises from the alleged inadequacies in the law library, legal assistance program or access provided by officials). Plaintiff has failed to demonstrate or even argue the existence of actual injury in his case.

Because Plaintiff has failed to establish a violation of his right to access the courts, his motion is denied. *See, e.g., Sands*, 886 F.2d at 1171.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's motion to stay (Dkt. 40) is **DENIED** for the reasons stated herein.

DATED this 15th day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3